LAW OFFICE OF ERIC HONIG
Eric Honig - CA Bar No. 140765
P.O. Box 10327
Marina del Rey, CA 90295
erichonig@aol.com
Telephone: (310) 699-8051
Fax: (310) 943-2220

DAVID B. SMITH
dbs@davidbsmithpllc.com
David B. Smith, PLLC
108 North Alfred Street, 1st FL
Alexandria, VA 22314
703-548-8911
Fax 703-548-8935
*Pro Hac Vice* Application Pending

Attorneys for Claimant
MITCHELL MAGEE

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>$217,285.00 IN U.S. CURRENCY, ETC.<br><br>    Defendants.<br><br>MITCHELL MAGEE,<br><br>    Claimant. | Case No. 2:22-CV-00015-RKG-MAR<br><br>CLAIMANT MITCHELL MAGEE'S ANSWER TO COMPLAINT FOR FORFEITURE AND AFFIRMATIVE DEFENSES<br><br>[JURY TRIAL DEMANDED] |

COMES NOW claimant Mitchell Magee, by and through counsel, and hereby files this response to the Complaint for Forfeiture (Doc. 1).

**ANSWER**

Jurisdiction and Venue

1. No response is required.
2. No response is required.
3. No response is required.

Persons and Entities

4. Admitted.
5. Admitted.
6. Claimant has insufficient knowledge or information which would allow formation of a belief as to the truth of the allegations contained in this paragraph.
7. Admitted as to claimant.

Basis for Forfeiture

Background Regarding U.S. Private Vaults

8. Admitted that U.S. Private Vaults (hereinafter "USPV") was in the business of renting safe deposit boxes to customers. Claimant has insufficient knowledge or information which would allow formation of a belief as to the truth of the remaining allegations contained in this paragraph.
9. Admitted that USPV advertised privacy. Claimant has insufficient knowledge or information which would allow formation of a belief as to the truth of the remaining allegations contained in this paragraph.
10. Admitted that the quoted postings appeared on the USPV website. Claimant has insufficient knowledge or information which would allow formation of a belief as to the truth of the remaining allegations contained in this paragraph.
11. Admitted that the quoted postings appeared on the USPV website. Claimant has insufficient knowledge or information which would allow formation of a belief as to the truth of the remaining allegations contained in this paragraph.
12. Denied.
13. Claimant has insufficient knowledge or information which would allow

formation of a belief as to the truth of the allegations contained in this paragraph.

14. Claimant has insufficient knowledge or information which would allow formation of a belief as to the truth of the allegations contained in this paragraph.

15. Claimant has insufficient knowledge or information which would allow formation of a belief as to the truth of the allegations contained in this paragraph.

16. Claimant has insufficient knowledge or information which would allow formation of a belief as to the truth of the allegations contained in this paragraph.

17. Claimant has insufficient knowledge or information which would allow formation of a belief as to the truth of the allegations contained in this paragraph.

18. Claimant has insufficient knowledge or information which would allow formation of a belief as to the truth of the allegations contained in this paragraph.

<u>The Seizure of $600,980.00 in U.S. Currency From Mitchell Magee's USPV Box and the Defendants from Mitchell Magee's Residence and Rented Storage Unit</u>

19. Admitted that $600,980.00 was found in claimant's USPV in the identified related case. The remaining allegations in this paragraph are denied.

20. Admitted that claimant has a criminal history.

21. Admitted that claimant owes $35,000 of his $56,000 in restitution, and that his last payment was made in 2018. The remaining allegations in this paragraph are denied.

22. Denied.

23. Denied.

24. Admitted that officers found $27,000 in cash and three watches at claimant's residence. The remaining allegations in this paragraph are denied.

First Claim for Relief

25. No response is required.

26. Denied.

Second Claim for Relief

27. No response is required.
28. Denied.

Third Claim for Relief

29. No response is required.
30. Denied.

Fourth Claim for Relief

31. No response is required.
32. Denied.

Fifth Claim for Relief

33. No response is required.
34. Denied.

**AFFIRMATIVE DEFENSES**

1. Claimant Mitchell Magee is an innocent owner of the defendant property and, accordingly, claimant's interest is exempt from forfeiture under 18 U.S.C. § 983(d).

2. Forfeiture of claimant's entire interest would be an "excessive fine" in violation of the Eighth Amendment's Excessive Fines Clause and 18 U.S.C. § 983(g).

3. Claimant requests that this case be brought to trial or the summary judgment stage as speedily as possible and **not** stayed. Otherwise, he will argue that his due process right under *United States v. $8,850*, 461 U.S. 555 (1983), has been violated. *See United States v. $12,248 in United States Currency*, 957 F.2d 1513, 1518 (9th Cir 1991).

4. Claimant will also file a motion to suppress all the government's evidence

///
///
///
///

1 | as the fruit of the illegal search of his safety deposit box at U.S. Private Vaults. See
2 | ¶19 of the Complaint.

Dated:  May 16, 2022                    Respectfully submitted,

DAVID B. SMITH
(*pro hac vice* application pending)

LAW OFFICE OF ERIC HONIG

*/s/ Eric Honig*
Eric Honig
Attorneys for Claimant
MITCHELL MAGEE

# **DEMAND FOR JURY TRIAL**

Claimant hereby demands a trial by jury for all claims and causes of action for which he is entitled to a jury trial.

Dated: May 16, 2022

Respectfully submitted,

DAVID B. SMITH
(pro hac vice application pending)

LAW OFFICE OF ERIC HONIG

*/s/ Eric Honig*
Eric Honig
Attorneys for Claimant
MITCHELL MAGEE