STEPHANIE S. CHRISTENSEN
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
JONATHAN GALATZAN
Assistant United States Attorney
Chief, Asset Forfeiture Section
VICTOR A. RODGERS (Cal. Bar No. 101281)
MAXWELL COLL (Cal. Bar No. 312651)
Assistant United States Attorney
Asset Forfeiture Section
      Federal Courthouse, 14th Floor
      312 North Spring Street
      Los Angeles, California 90012
      Telephone: (213) 894-2569/1785
      Facsimile: (213) 894-0142
      E-mail: Victor.Rodgers@usdoj.gov
              Maxwell.Coll@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>            v.<br><br>$217,285.00 IN U.S. CURRENCY,<br>TWO ROLEX WATCHES AND ONE<br>BREITLING WATCH,<br><br>        Defendants.<br>_____<br><br>MITCHELL MAGEE,<br><br>        Claimant. | Case No. 2:22-cv-00015 RGK(MARx)<br><br>JOINT RULE 26 REPORT<br><br>Sch. Conf. Date: July 18, 2022<br>Time:            9:00 a.m. |

      Pursuant to Federal Rules of Civil Procedure 16 and 26(f),

counsel for plaintiff United States of America ("the government") and

claimant Mitchell Magee ("claimant") hereby report as follows.  The

Scheduling Conference is set for July 18, 2022 at 9:00 a.m.

A.   Statement of the Case

The government has filed an in rem civil forfeiture case against the defendants alleging that the defendants are subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) and 18 U.S.C. § 981(a)(1)(A) and (C) on grounds that they represent proceeds of or were used to facilitate narcotic trafficking, identity theft violations, access device fraud violations and/or wire fraud violations, and were also involved in money laundering transactions.  The complaint alleges that the defendants were seized when the government executed federal search warrants at claimant's residence and a storage unit on or about July 15, 2021.  Claimant has filed a claim to the defendants and an answer to the complaint, and claimant denies that the defendants are subject to forfeiture.

B.   Discovery Limits and Discovery Planning, Rule 26(f)(1)-
     26(f)(4)

The government intends to file a motion to stay this action, pursuant to the 18 U.S.C. § 981(g)(1)'s mandatory stay provision on the ground that discovery in this case will adversely affect the ability of the government to conduct a related criminal investigation against claimant.  This case has been deemed related to United States v. $680,900.00 in U.S. Currency; claimant Mitchell Mageee, Case No. 2:21-cv-06965-RGK(MARx), involving $680,900.00 seized on or about March 21, 2022 inside claimant's safe deposit box at US Private Vaults, and the Court granted the government's motion to stay on March 8, 2022 in that case.  See Docket No. 38 in that case. Claimant states he will not oppose a stay if the government or the court agrees that he can still file a motion to suppress the evidence obtained from the search of his safety deposit box and its fruits. Subject to that caveat and the impact that a similar stay will have

on this case, the parties note they do not feel it necessary to change the timing, form or requirement for disclosures under Fed. R. Civ. P. 26(a).  Pursuant to Fed. R. Civ. P. 26(a)(1)(B)(ii), this civil forfeiture case is exempt from the Fed. R. Civ. P. 26(a)(1) initial disclosure requirements.  The subjects on which discovery may be needed are whether the defendants are subject to forfeiture.  In addition, the parties are not aware of any issues about electronically stored information, claims of privilege or of claims regarding the need to protect particular items as trial-preparation materials.  Both parties intend to proceed with discovery, which may include interrogatories, document request and depositions, as warranted in this case.

     C.   <u>Proposed Law and Motion Matters</u>

     The government will file a motion to stay this case, as mentioned above.  Subject to that caveat, and depending upon the evidence, the government and claimant may file motions for summary judgment and claimant may file a suppression motion.

     D.   <u>Principal Issues In The Case</u>

     The principal issues in this case is whether the defendants are subject to forfeiture and whether claimant has any defenses to forfeiture.  Another principal issue in the case is whether the evidence obtained by the government should be suppressed.

     E.   <u>Proposed Schedule Of Pretrial Dates</u>

     Claimant submits that the court should not set deadlines until after the stay issue is determined.  The government suggests the following pretrial dates:

            A last day to amend the complaint or add parties of August 8, 2022.

            A discovery cutoff date of February 6, 2023.

1    A motion hearing cutoff date (last date to file) of
2    February 20, 2023.
3    A pretrial conference date of March 20, 2023.
4    A jury trial date on Tuesday, April 4, 2023.
5    The parties estimate that the trial of this matter will take 3-4
6    court days.
7    F.   Settlement
8    The parties are amenable to engaging in settlement negotiations
9    as this case progresses.  The parties propose that this case be
10   referred to the Magistrate Judge assigned to this case, for purposes
     of settlement.
11
12   G.   Likelihood Of Appearance Of Additional Parties
13   Neither the government nor claimant anticipate the appearance of
     additional parties.
14
15   H.   Complex Case
16   The parties agree that this case is not sufficiently complex as
17   to require the utilization of the Manual for Complex Litigation.
     / / /
18   / / /
19   / / /
20   / / /
21   / / /
22   / / /
23   / / /
24   / / /
25   / / /
26   / / /
27   / / /
     / / /
28

4

I.   Other Issues

None.

                              Respectfully submitted,

Dated: July 8, 2022          STEPHANIE S. CHRISTENSEN
                             Acting United States Attorney
                             SCOTT M. GARRANGER
                             Assistant United States Attorney
                             Chief, Criminal Division
                             JONATHAN GALATZAN
                             Assistant United States Attorney
                             Chief, Asset Forfeiture Section


                             _____/s/_____
                             VICTOR A. RODGERS
                             MAXWELL COLL
                             Assistant United States Attorneys
                             Asset Forfeiture Section

                             Attorneys for Plaintiff
                             UNITED STATES OF AMERICA

Dated: July 8, 2022          LAW OFFICE OF ERIC S. HONIG
                             DAVID B. SMITH PLLC


                             _____/s/_____
                             ERIC HONIG/DAVID B. SMITH

                             Attorneys for Claimant
                             MITCHELL MAGEE