STEPHANIE S. CHRISTENSEN
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
JONATHAN GALATZAN
Assistant United States Attorney
Chief, Asset Forfeiture Section
VICTOR A. RODGERS (Cal. Bar No. 101281)
MAXWELL COLL (Cal. Bar No. 312651)
Assistant United States Attorneys
Asset Forfeiture Section
     Federal Courthouse, 14th Floor
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-2569/1785
     Facsimile: (213) 894-0142
     E-mail: Victor.Rodgers@usdoj.gov
          Maxwell.Coll@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:22-cv-00015-RGK-MAR |
| Plaintiff, | **PLAINTIFF UNITED STATES OF AMERICA'S NOTICE OF MOTION AND MOTION FOR AN ORDER TO STAY THIS CIVIL FORFEITURE PROCEEDING; MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION OF AUSA MAXWELL COLL; [PROPOSED] ORDER GRANTING MOTION LODGED UNDER SEPARATE COVER** |
| V. | |
| $217,285.00 IN U.S. CURRENCY, ET AL, | |
| Defendants. | |
| MITCHELL MAGEE, | **[Filed Contemporaneously With Application Pursuant To 18 U.S.C. § 981(a)(1)(5) And Local Rule 79-6 To File Or Lodge In Camera Non-Public Declaration In Support Of Motion]** |
| Claimant. | Date:      September 26, 2022<br>Time:      9:00 a.m.<br>Courtroom:  850, the Honorable<br>             R. Gary Klausner |

# NOTICE OF MOTION

PLEASE TAKE NOTICE that on September 26, 2022, at 9:00 a.m., or as soon thereafter as the matter may be heard, in the courtroom of the Honorable R. Gary Klausner, United States District Court, Courtroom 850, Roybal Federal Building and U.S. Courthouse, 255 East Temple Street, Los Angeles, California 90012, plaintiff United States of America ("the United States") will and hereby does move, pursuant to 18 U.S.C. § 981(g)(1) (i.e., the mandatory stay statute) and the Court's inherent power, for an order to stay this action pending the resolution of a related federal criminal investigation.  This motion is made following the conference of counsel pursuant to Local Rule 7-3 which took place on July 13, 2022 (see Coll Decl. ¶ 2) and is made on the grounds that proceeding with civil discovery in this case will adversely affect the ability of the United States to conduct a related federal criminal investigation.

This motion is based upon this notice of motion and motion; the attached memorandum of points and authorities and declaration of Maxwell Coll; the non-public declaration submitted in camera and under seal in support of plaintiff's motion for an order to stay this civil forfeiture proceeding and the proposed order granting the motion (lodged under separate cover); all pleadings and papers on file in this action; and such further matters as may be presented at any hearing on this Motion, and matters of which the Court may take notice.

Dated: August 22, 2022

Respectfully submitted,

STEPHANIE S. CHRISTENSEN
United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
JONATHAN GALATZAN
Assistant United States Attorney
Chief, Asset Forfeiture Section

  /s/    *Maxwell Coll*
VICTOR A. RODGERS
MAXWELL COLL
Assistant United States Attorneys
Attorneys for Plaintiff
UNITED STATES OF AMERICA

## MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

Plaintiff United States of America ("United States" or "the government") respectfully submits this memorandum of points and authorities in support of its motion to stay this action pursuant to the mandatory stay provisions of 18 U.S.C. § 981(g) and the Court's inherent power.  The United States seeks to stay this action pending the resolution of a related federal criminal investigation because proceeding with civil discovery in the instant action will adversely affect the United States' ability to conduct the related federal criminal investigation.  Under the proposed order lodged contemporaneously herewith, the United States would be required to report to the Court every ninety days regarding the status of the related criminal investigation.

## STATEMENT OF FACTS

**A.**    **The Instant In Rem Civil Forfeiture Action Is Related To A Prior Case For Which The Court Granted A Virtually Identical Motion To Stay.**

This case is related to United States v. $600,980.00 in U.S. Currency; Claimant Mitchell Magee, Case No. 2:21-cv-06965-RGK-MAR, in which this Court previously granted a similar motion to stay pending the resolution of a related federal criminal investigation.  Dkt. Nos. 3 (notice of related case), 10 (order accepting transfer) and 38 (order granting stay).  Here, the same claimant  (i.e., Mitchell Magee) who filed a claim in the related case and is the subject of the federal criminal investigation, is the claimant in the instant case.  In the prior case, the defendant is $600,980.00 in U.S. Currency that was seized on or about March 21, 2021 from Mitchell Magee's box at US Private Vaults.  Dkt. No. 1 in instant case (complaint) at ¶ 19.

In the instant case, the United States has filed an in rem civil forfeiture complaint against defendants $217,285.00 in U.S. Currency and two Rolex watches and one Breitling watch.  Like in the related case, the government alleges that the defendants here are subject to forfeiture on the same grounds:  pursuant to 21 U.S.C. § 881(a)(6) and 18 U.S.C. § 981(a)(1)(A) & (C) because the defendants constitute traceable proceeds of

1

illegal narcotic trafficking (21 U.S.C. § 841), identity theft violations (18 U.S.C. § 1028), access device fraud (18 U.S.C. § 1029) and wire fraud (18 U.S.C. § 1341) and were involved in money laundering or attempted money laundering transactions in violation of 18 U.S.C. §§ 1956 and 1957.  Dkt. No. 1 (complaint).   The defendants were seized on or about July 15, 2021, during the execution of a search warrant at claimant Mitchell Magee's residence.  Id. at ¶¶ 23–24.  Claimant Mitchell Magee ("claimant") filed a claim to the defendants and an answer to the complaint.  Dkt. Nos. 14 and 17.

The complaint in the instant case provides as follows.  USPV is a company that was in the business of renting safe deposit boxes to customers.  By providing and promoting total anonymity, USPV catered to and attracted criminals who sought to keep their identities and the source of their cash beyond the reach of banks, regulators, the IRS, and law enforcement.  Id. at ¶ 8.  As alleged in the related civil case, officers  found $600,980.00 in U.S. currency inside Mitchell Magee's box no. 504 at USPV.   Id. at ¶ 19.

Mitchell Magee has an extensive criminal history.  His convictions include a 1989 conviction for possessing or purchasing cocaine base for sale; a 1990 misdemeanor conviction for exhibiting a firearm; a 1993 conviction for possessing or purchasing cocaine base for sale for which he was sentenced to three years in prison; 1995 and 1996 arrests for grand theft of vehicles; a 1997 felony conviction for making a false financial statement for which he was sentenced to 16 months in prison; a 2006 conviction in the Western District of Kentucky on federal charges of aggravated identity theft (18 U.S.C. § 1028A) and bank fraud (18 U.S.C. § 1344) for which he was sentenced to 42 months imprisonment, 5 years of supervised release and ordered to pay over $56,000 in restitution, $35,000 of which remains unpaid despite the fact Mitchell Magee had over $600,000 in his USPV box.  Id. at ¶¶ 20 and 21.

When officers executed the search warrant on July 15, 2021 on Mitchell Magee's residence, they spoke with Mitchell Magee and showed him the counterfeit Florida driver's license used to rent the storage unit from which (as discussed below) over

$190,000.00 was seized.  In response, Mitchell Magee stated he did not know where he had obtained the counterfeit license.  Officers executed a federal search warrant on the storage unit on July 15, 2021 and found $190,285.00 (i.e., part of the defendant $217,285.00 in U.S. Currency), and told Mitchell Magee, who seemed to be concerned only with obtaining a receipt for the funds.  In addition, Mitchell Magee told officers he had been in prison for bank fraud.  Mitchell Magee described himself as "a white collar guy" while claiming he had nothing to do with drugs.  Id. at ¶ ¶ 23 and 24.

In addition, during the search of Mitchell Magee's residence on July 15, 2021, officers found an additional $27,000.00 (i.e., the remainder of the defendant currency). Id. at ¶ 24.  Officers also found the three defendant watches, which have a combined value of almost $30,000.00, during the search of the residence.  Id.

Mitchell Magee does not have anywhere near sufficient legal sources of income to justify his acquisition and possession of the $600,980.00 and the other assets officers seized from him, including the defendants in this action.  According to the California Employment Development Department, Mitchell Magee is not employed.  Id. at ¶ 22.

**B.**   **Discovery Served By Claimant Mitchell Magee In This Action Seeks To Uncover Information Regarding The Related Federal Criminal Investigation.**

On May 17, 2022, claimant served on the government requests for production of documents that seek to uncover the details of the ongoing federal criminal investigation. The requests include, among other things:

- All documents acquired by the government during execution of search and/or seizure warrants, and grand jury subpoenas, related to the complaint;
- All law enforcement reports, witness interviews, and witness statements relating to the complaint;
- All documents relating to any and all criminal offenses committed by Claimant since 2006.
- All written or otherwise recorded statements by any person relating to the

3

facts and allegations in the Complaint;

- All reports of arrests and convictions of all informants with knowledge of any facts alleged in the Complaint; and

- All documents relating and/or reflecting any investigation by the United States as to Claimant's source of income or lack of income.

Coll Decl. Ex. A (claimant's first request for production of documents ["RFP"] Nos. 2, 3, 4, 5, 21 and 29).

### C.   The Related Federal Criminal Investigation

The government has filed an application for permission to submit in camera and under seal a declaration which discusses the related federal criminal investigation.

## ARGUMENT

### A.   A Stay Is Appropriate Because Civil Discovery Will Adversely Affect The Government's Ability To Conduct A Related Federal Criminal Investigation.

18 U.S.C. § 981(g)(1), which is the mandatory stay provision and was adopted as part of the Civil Asset Forfeiture Reform Act of 2000 (the "CAFRA"), provides as follows:

> Upon the motion of the United States, the court shall stay the civil forfeiture proceeding if the court determines that civil discovery will adversely affect the ability of the Government to conduct a related criminal investigation or the prosecution of a related criminal case.

A stay is appropriate in this case for multiple reasons.  First, in requesting a stay pursuant to 18 U.S.C. § 981(g)(1), "the Government may, in appropriate cases, submit evidence ex parte in order to avoid disclosing any matter that may adversely affect an ongoing criminal investigation or pending criminal trial."  18 U.S.C. § 981(g)(5). Pursuant to this provision, the United States has requested permission to submit a non-public declaration in camera and under seal in support of its stay request.

Even without considering the evidence submitted under seal, a stay is warranted.

4

If this action is not stayed, claimant will have the right to pursue civil discovery. Parties are not entitled to serve interrogatories, document requests or take depositions during federal criminal investigations or in federal criminal cases. See Fed. R. Crim. P. 16.

Where, as here, proceeding with civil discovery would subject the government to broader discovery that it would have to endure in the criminal proceeding (e.g., requiring the government to respond to written discovery or to questioning at depositions in civil proceeding when parties are not required to respond to written discovery or testify in depositions in criminal investigations or cases) or permit claimants and other third parties to obtain discovery earlier than they otherwise would be entitled to receive it in the criminal proceeding, a stay under the mandatory stay provisions of 18 U.S.C. § 981(g) is warranted. See, e.g., United States v. One Assortment of Seventy-Three Firearms, 352 F. Supp. 2d 2, 4 (D. Me. 2005) (a stay under 18 U.S.C. § 981(g) is appropriate where civil discovery will subject the related criminal investigation "to early and broader civil discovery than would otherwise be possible in the context of the criminal proceeding"); United States v. Real Property and Improvements Located At 10 Table Bluff Road, 2007 WL 911849 at *2 (N.D. Cal. Mar. 23, 2007) (stay must be granted if civil discovery will subject the Government to broader and earlier discovery than would occur in a criminal case). See also United States v. Contents of Nationwide Life Ins. Annuity Account, 2007 WL 682530, *1 (S.D. Ohio Mar. 1, 2007) ("As the government correctly argues, the Court is also very concerned about Defendants in the criminal case using this civil case as a back door method to obtain discovery outside the scope of Fed. R. Crim. P. 16").[1]

---

[1] 18 U.S.C. § 981(g) adopted as part of the CAFRA, lightened the burden on the party seeking a stay by eliminating the requirement that the movant establish good cause for the stay and permitting stays even if an ongoing investigation had not yet resulted in a criminal indictment. See United States v. All Funds Deposited in Account No. 220008534845, 162 F. Supp. 2d 1325, 1330-31 (D. Wyo. 2001). Numerous courts examining the pre-CAFRA stay statute (which is more restrictive than the CAFRA's mandatory stay provision) held that "good cause" was established because the broader civil discovery available to a forfeiture claimant could interfere with a related criminal case. United States v. Property at 297 Hawley Street, 727 F. Supp. 90, 91 (W.D.N.Y. 1990) (good cause requirement satisfied as stay necessary to protect criminal case from

(footnote cont'd on next page)

In addition, a stay is warranted under 18 U.S.C. § 981(g) because proceeding with discovery the government would have to answer would likely prejudice the government. United States v. One 2008 Audi R8 Coupe Quattro, 866 F. Supp. 2d 1180, 1184 (C.D. Cal. 2011) (government need not make any particularized showing of prejudice or harm: "Courts have routinely issued Section 981(g)(1) stays on the basis of the Government's allegations of likely prejudice to the criminal proceeding caused by the civil discovery") (citation omitted and emphasis in original); United States v. $1,026,781.61 in Funds From Florida Capital Bank, 2013 WL 4714188, *1 (C.D. Cal. Jul. 29, 2013) (same).

Indeed, this is not a case involving merely potential discovery which a claimant might serve. Here, claimant has actually served discovery which would require the government to provide all details about the federal criminal investigation, including the identity of all witnesses and confidential sources.

The government would suffer prejudice because it would have to identify its witnesses and its prosecution strategy in advance of a criminal trial, if discovery were to proceed in this civil forfeiture case. See, e.g., United States v. VIN: WP1AD2A26DLA72280, 2014 WL 289379, *2 (M.D. Fla. Jan. 27, 2014) (stay granted because discovery of the identities of the witnesses in the civil case would jeopardize the criminal investigation); United States v. All Funds on Deposit in Suntrust Bank Account Number XXXXXXXXX8359, 456 F. Supp. 2d 64, 66 (D.D.C. 2006) (granting motion for a stay because discovery in civil forfeiture case would adversely affect the criminal investigation because the discovery "could compromise any existing confidential informants and/or interfere with the Government's ability to obtain confidential information from others"); United States v. All Funds on Deposit in Business Marketing Account, 319 F. Supp. 2d 290, 294 (E.D.N.Y. 2004) ("The court is satisfied that information routinely ordered disclosed in civil matters would compromise the identity of confidential informants and cooperating witnesses. Under these circumstances, the

"potentially" broad discovery demands); United States v. One Single Family Residence Located at 2820 Taft St., 710 F. Supp. 1351, 1352 (S.D. Fla. 1989) (stay granted as "scope of civil discovery could interfere with the criminal prosecution").

court is required to stay this civil action.  18 U.S.C. § 981(g)(1)").

In addition, claimant's Fourth Amendment affirmative defense in claimant's Answer to the Complaint (Dkt. No. 17 at 4-5) raises factual issues[2] that will require testimonial declarations of law enforcement officers who seized the defendants, and depositions of other persons such as cooperating witnesses, which will subject those individuals to cross-examination by claimant and create discovery that would have to be turned over as part of a future criminal case.  This is exactly the type of discovery that will harm the ability of the government to conduct the related criminal investigation or prosecute a related criminal case, which the CAFRA's mandatory stay provision was designed to avoid.  See United States v. $247,052.54, 2007 WL 2009799, *2 (N.D. Cal. Jul. 6, 2007).

Moreover, absent a stay, the government would need written and deposition discovery from claimant and other persons involved in the illegal conduct which is part of the criminal investigation, as well as from third parties with relevant information pertaining to the investigation, in order to prove the government's case in chief and refute the affirmative defenses claimant has raised.  Even if claimant or the third parties responded to government discovery, instead of declining to do so by asserting a privilege against self-incrimination,[3] the government would be creating discovery which would

---

[2] See United States v. Real Property Located at 15324 County Highway E., 332 F.3d 1070 (7th Cir. 2003) (affirming the denial of claimant's motion to suppress evidence allegedly obtained in violation of the Fourth Amendment's prohibition against unreasonable search and seizures.  The court applied the good faith exception to uphold the search of claimant's real property because the law enforcement officers who searched the premises acted in objectively reasonably reliance upon a facially valid search warrant issued by the judge).

[3] Key witnesses involved in the illegal activity will likely assert the Fifth Amendment privilege against self-incrimination in response to discovery by the government, meaning that the government would be subject to discovery while claimant would not provide discovery on core issues.  Under these circumstances, a stay is appropriate because permitting discovery from the government would allow impermissible one-way discovery.  See One Assortment of 73 Firearms, 352 F. Supp. 2d at 4 ("a protective order cannot be imposed as an alternative to a stay because [its] effect . . . would be to allow the claimants' to pursue broad civil discovery while the Government would substantially be unable to do so"); 18 U.S.C. § 981(g)(3) ("In no case, however, shall the court impose a protective order as an alternative to a stay if the *(footnote cont'd on next page)*

7

have to be turned over in any subsequently-filed criminal case, which would thereby expose the prosecution strategy for proving that particular individuals or entities engaged in illegal conduct.  Therefore, the government's discovery would adversely affect the government's ability to conduct a related criminal investigation.

In <u>United States v. $247,052.54</u>, 2007 WL 2009799 (N.D. Cal. Jul. 6, 2007), claimant Dobbs argued that because he was prepared to move for summary judgment without seeking any discovery in the civil forfeiture action, the action should not be stayed under 18 U.S.C. § 981(g) because discovery could not adversely affect the criminal prosecution against him.  In rejecting Dobbs' argument and staying the action, the court noted that "Dobbs is not the only party that might want discovery in this action, however.  The Government seeks and is entitled to conduct discovery."  <u>Id.</u> at *1 (citation omitted).  The court also stated that proceeding with discovery "may have a serious adverse impact on the criminal case against Dobbs[]" and the court reasoned:

> The factual allegations underlying the two cases are very similar. . . . To prove that the Defendants in this case are linked to the sale and distribution of marijuana, and therefore subject to forfeiture, the Government will have to prove many of the same facts it will need to prove in the criminal case.  The risk of an adverse effect on the criminal case is clear.  The Government asserts that it would need to depose certain witnesses-Edward Shield and Wade Trabue-to proceed on its forfeiture claims.  Both are also witnesses with knowledge relevant to the criminal case, and deposing them now would allow Dobbs the opportunity to cross examine them in advance of trial, potentially exposing the Government's strategy for trial, or require them to divulge information related to the criminal case.  Dobbs simply ignores this concern.  The Government would also require testimonial

effect of such protective order would be to allow one party to pursue discovery while the other party is substantially unable to do so").

declarations from law enforcement officers, whose testimony will play a
central role in the criminal trial, creating additional risks.

Id. at *2.[4]

Finally, a stay is in the interests of judicial economy as common factual questions are likely to be explored in any subsequently-filed criminal case.  The civil forfeiture and criminal investigation involve many of the same illegal acts and transactions and the same or similar issues of fact and law.  Many, if not most, of the factual disputes and questions relevant to the civil forfeiture action will likely be explored in any subsequently filed criminal case.  In any event, the issues left to be determined in the civil forfeiture case after the resolution of a related criminal case are likely to be pared down.  The interest of judicial efficiency will be served by narrowing the focus of the civil case to whatever issues are left unresolved after the resolution of any criminal case.

Civil discovery will adversely affect the related criminal investigation. Accordingly, this action should be stayed pursuant to 18 U.S.C. § 981(g), the mandatory stay provision.

**B.**      **The Civil Forfeiture Case And Criminal Investigation Are Related.**

The criminal investigation is clearly related to the civil forfeiture action in light of the broad definition of "related criminal investigation" in 18 U.S.C. § 981(g).  That definition makes clear that neither the parties nor the facts in the civil and criminal matters need be identical for the cases to be considered related.  Instead, the court must analyze several factors, which are set forth in the disjunctive:

In determining whether a criminal case or investigation is "related" to a
civil forfeiture proceeding, the court shall consider the degree of similarity
between the parties, witnesses, facts, and circumstances involved in the two

---

[4] Accord, United States v. $2,067,437.08 in U.S. Currency, 2008 WL 238514, *6 (E.D. Tex. Jan. 28, 2008) (stay ordered where claimant contended that it could proceed with summary judgment motion without discovery, government claimed it had to engage in ordinary civil discovery and claimant acknowledged that it would be unduly prejudiced if claimant was required to produce discovery while criminal case was pending against claimant).

proceedings, without requiring an identity with respect to any one or more factors.

18 U.S.C. § 981(g)(4).  In other words, 18 U.S.C. § 981(g)(4) indicates that the forfeiture case and criminal investigation should have some similarities but need not be identical in all aspects.

The civil forfeiture and criminal cases are clearly related under the broad statutory definition.  The relationship between the two is set forth in the non-public declaration.

## C.    A Stay Is Also Appropriate Under The Court's Inherent Power To Control Its Dockets.

The court is also empowered to issue a stay pursuant to its inherent power to control its docket and calendar.  See Mediterranean Enterprises v. Ssangyong Corp., 708 F.2d 1458, 1465 (9th Cir. 1983).  When "it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it," the district court may do so "pending resolution of independent proceedings which bear upon the case." Id. at 1465 (quoting Leyva v. Certified Grocers of California, Ltd., 593 F.2d 857, 863-64 (9th Cir. 1979)).  This rule "does not require that the issues in [the other] proceedings are necessarily controlling of the action before the court." Leyva, supra, 593 F.2d at 863-64 (citations omitted).  "[T]he court may order a stay of the action pursuant to its power to control its docket and calendar and to provide for a just determination of the cases pending before it." Id. at 864.[5]  Therefore, a stay of this action is also proper under the Court's inherent power.

## CONCLUSION

For the foregoing reasons, the government respectfully requests that its motion be granted.

---

[5] See also Landis v. North American Co., 299 U.S. 248, 254 (1936) (district court's "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants"); Wallace v. Kato, 549 U.S. 384, 393-94 (2007) ("it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended").

Dated: August 22, 2022

Respectfully submitted,

STEPHANIE S. CHRISTENSEN
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
JONATHAN GALATZAN
Assistant United States Attorney
Chief, Asset Forfeiture Section

_____/s/_____

VICTOR A. RODGERS
MAXWELL COLL
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA