1  LAW OFFICE OF ERIC HONIG
   Eric Honig - CA Bar No. 140765
2  P.O. Box 10327
   Marina del Rey, CA 90295
3  erichonig@aol.com
   Telephone:  (310) 699-8051
4  Fax:  (310) 943-2220

5  DAVID B. SMITH
   dbs@davidbsmithpllc.com
6  David B. Smith, PLLC
   108 North Alfred Street, 1st FL
7  Alexandria, VA 22314
   703-548-8911
8  Fax 703-548-8935
   *Pro Hac Vice* Application Pending
9
   Attorneys for Claimant
10 MITCHELL MAGEE

11

12              UNITED STATES DISTRICT COURT

13            CENTRAL DISTRICT OF CALIFORNIA

14                   WESTERN DIVISION

15

| UNITED STATES OF AMERICA, | ) | Case No. 2:22-CV-00015-RKG-MAR |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | FIRST REQUEST FOR PRODUCTION OF DOCUMENTS |
| $217,285.00 IN U.S. CURRENCY, ETC. | ) | |
| Defendants. | ) | |
| MITCHELL MAGEE, | ) | |
| Claimant. | ) | |

24  TO:   RESPONDENT UNITED STATES OF AMERICA:

25       Claimant hereby requests that the United States of America produce the

26  following items for inspection and copying, pursuant to Federal Rule of Civil

27  Procedure 34, at the Law Office of Eric Honig, P.O. Box 10327, Marina del Rey,

28  CA 90295, within thirty (30) days of service hereof.  The term "document" as used

    herein means all writings, law enforcement reports, and written, audio and video

13

**EXHIBIT A**

1   recordings, and photographs, as defined in Federal Rule of Evidence 1001.

2       The term "you" or "your" means the United States of America and any of its

3   constituent agencies, employees and agents, including but not limited to the ,

4   Federal Bureau of Investigation, United States Marshal's Service, United States

5   Department of Justice and the U.S. Attorney's Office for the Central

6   District of California.  The term "complaint" means the plaintiff's verified

7   complaint for forfeiture.

8   REQUEST FOR PRODUCTION NO. 1:

9       All documents that support the plaintiff's allegations in the Complaint for

10   Forfeiture that the defendant vehicles are subject to forfeiture.

11   REQUEST FOR PRODUCTION NO. 2:

12       All documents acquired by the plaintiff through search and/or seizure

13   warrants and acquire through administrative, judicial and grand jury subpoenas to

14   third parties relating to and/or supporting the allegations in the Complaint.

15   REQUEST FOR PRODUCTION NO. 3:

16       All warrants and applications for search warrants, seizure warrants, wiretaps

17   or other type of warrants obtained by the plaintiff, including but not limited to

18   affidavits, applications, tape recordings, and surveillance notes  relating to the

19   claimants and/or the allegations in the Complaint.

20   REQUEST FOR PRODUCTION NO. 4:

21       All written or otherwise recorded statements by any person relating to the

22   facts and allegations in the Complaint and by all other persons with knowledge of

23   any of the facts alleged in the Complaint.

24   REQUEST FOR PRODUCTION NO. 5:

25       The report of all arrests and convictions, both state and federal (including

26   NCIC), for claimants, all informants, all other persons identified by name in the

27   Complaint, and all other persons (other than law enforcement) with knowledge of

28   any of the facts alleged in the Complaint.

2

1 | REQUEST FOR PRODUCTION NO. 6:

2 |      All documents relied upon, referred to and/or mentioned in the Complaint for

3 | Forfeiture.

4 | REQUEST FOR PRODUCTION NO. 7:

5 |      All documents relating to the return of property by the United States of

6 | America to persons who maintained safe deposit boxes at US Private Vaults

7 | ("USPV").

8 | REQUEST FOR PRODUCTION NO. 8:

9 |      All documents supporting the statement in ¶10 of the Complaint that

10 | "customers engaged in illegal activity were attracted to and ultimately stored and

11 | secreted their criminal proceeds (which the government has a legitimate interest in)

12 | at USPV, instead of at banks or law-abiding financial institutions where their

13 | illegal activities would more likely be uncovered."

14 | REQUEST FOR PRODUCTION NO. 9:

15 |      All law enforcement reports, witness interviews, and witness statements

16 | relating to the allegations in the Complaint.

17 | REQUEST FOR PRODUCTION NO. 10:

18 |      All documents received and/or seized from the claimant and from any other

19 | person relating to the allegations in the Complaint.

20 | REQUEST FOR PRODUCTION NO. 11:

21 |      All reports of any evidence and/or documents seized and/or reviewed by

22 | plaintiff or law enforcement officers relating to the allegations in the Complaint.

23 | REQUEST FOR PRODUCTION NO. 12:

24 |      All documents that identify, reflect, describe or report the name, current

25 | business address, and/or current business telephone number of percipient witnesses

26 | and other persons who provided information to plaintiff and/or law enforcement

27 | officers relating to the facts and/or allegations in the Complaint.

28 |

3

REQUEST FOR PRODUCTION NO. 13:

All documents, photographs, and other physical/tangible items that relate to and/or support each of the facts and allegations in the Complaint.

REQUEST FOR PRODUCTION NO. 14:

All financial analyses conducted and/or prepared by, on behalf of and/or for and/or used by the plaintiff relating to the financial transactions alleged in the complaint.

REQUEST FOR PRODUCTION NO. 15:

All documents reflecting and relating to each specific "transaction" referenced in ¶31 of the Complaint.

REQUEST FOR PRODUCTION NO. 16:

All documents supporting the statement in ¶11 of the Complaint that "some persons who ultimately became USPV customers, were attracted by the advertisements because USPV's safe deposit box storage facilities offered them a much safer place to store their illegal criminal proceeds."

REQUEST FOR PRODUCTION NO. 17:

All documents reflecting and relating to each specific "transaction" referenced in ¶32 of the Complaint.

REQUEST FOR PRODUCTION NO. 18:

All documents supporting the statement in ¶12 of the Complaint that "USPV charged customers significantly higher prices than those charged by major banks."

REQUEST FOR PRODUCTION NO. 19:

All documents reflecting or relating to each instance of proceeds of criminal activity stored at USPV having been forfeited to the United States, as alleged in ¶13 of the Complaint.

REQUEST FOR PRODUCTION NO. 20:

All documents relating to all 1) money laundering transactions, 2) violations of narcotic laws, 3) identity theft violations, 4) access device fraud violations, and

4

1   5) wire fraud violations, resulting in the $600,980 in proceeds of criminal activity,

2   as alleged in ¶19 of the Complaint.

3   REQUEST FOR PRODUCTION NO. 21:

4        All documents relating to any and all criminal offenses committed by

5   Claimant since 2006.

6   REQUEST FOR PRODUCTION NO. 22:

7        All documents and reports relating to 1) the canine alert to the $600,980, and

8   2) that canine's previous narcotics alert activity, including but not limited to the

9   canine's training and history of narcotic alert attempts.

10  REQUEST FOR PRODUCTION NO. 23:

11       All documents and reports relating to and/or reflecting any and all interviews

12  by the United States with the Claimant relating to the allegations in the Complaint.

13  REQUEST FOR PRODUCTION NO. 24:

14       All photographs, videotapes and other recordings of alleged evidence

15  relating to the allegations in the Complaint.

16  REQUEST FOR PRODUCTION NO. 25:

17       All documents reflecting and/or tracing the source of funds used to acquire

18  the defendant personal property.

19  REQUEST FOR PRODUCTION NO. 26:

20       All banking records related to the allegations in the Complaint.

21  REQUEST FOR PRODUCTION NO. 27:

22       All documents reflecting and/or relating to the return of property inventoried

23  and/or seized by the United States from USPV boxes.

24  REQUEST FOR PRODUCTION NO. 28:

25       All documents reflecting and/or relating to 1) all property found at USPV

26  and taken into the custody of the United States, and 2) all such property that was

27  returned to persons who claimed the right of ownership and/or possession of said

28  property.

1    REQUEST FOR PRODUCTION NO. 29:

2            All documents relating and/or reflecting any investigation by the United

3    States as to Claimant's source of income or lack of income.

4

5    Dated:  May 17, 2022                    Respectfully submitted,

6                                             DAVID B. SMITH
                                              (*pro hac vice* application pending)
7
                                              LAW OFFICE OF ERIC HONIG
8

9                                             /s/ *Eric Honig*
                                              Eric Honig
10                                            Attorneys for Claimant
                                              MITCHELL MAGEE
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## PROOF OF SERVICE

STATE OF CALIFORNIA    )
                        )    ss.
COUNTY OF LOS ANGELES )

      I am employed in the County of Los Angeles, State of California; I am over the age of 18 and not a party to the within action; my business address is P.O. Box 10327, Marina del Rey, CA 90295.

      On May 17, 2022, I served the foregoing document described as FIRST REQUEST FOR PRODUCTION OF DOCUMENTS on all interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

Victor A. Rodgers
Maxwell Coll
Assistant United States Attorney
Asset Forfeiture Section
1400 United States Courthouse
312 N. Spring St.
Los Angeles, CA 90012

  X  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the United States Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

\_\_\_\_\_ Via Hand-Delivery.

\_\_\_\_\_ Via Federal Express/Express Mail.

\_\_\_\_\_ Via Fax.

\_\_\_\_\_ Via E-mail.

      Executed on May 17, 2022, at Marina del Rey, California.

      I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

/s/ Eric Honig

ERIC HONIG

7

19