STEPHANIE S. CHRISTENSEN
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
JONATHAN GALATZAN
Assistant United States Attorney
Chief, Asset Forfeiture Section
VICTOR A. RODGERS (Cal. Bar No. 101281)
MAXWELL COLL (Cal. Bar No. 312651)
Assistant United States Attorneys
Asset Forfeiture Section
Federal Courthouse, 14th Floor
312 North Spring Street
Los Angeles, California 90012
Telephone: (213) 894-2569/1785
Facsimile: (213) 894-0142
E-mail: Victor.Rodgers@usdoj.gov
Maxwell.Coll@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>$217,285.00 IN U.S. CURRENCY, ET AL.,<br><br>Defendants. | Case No. 2:22-cv-00015-RGK-MAR<br><br>**PLAINTIFF UNITED STATES OF AMERICA'S APPLICATION PURSUANT TO 18 U.S.C. § 981(g)(5) AND LOCAL RULE 79-6 TO FILE OR LODGE IN CAMERA NON-PUBLIC DECLARATION IN SUPPORT OF PLAINTIFF'S MOTION FOR AN ORDER TO STAY THIS CIVIL FORFEITURE PROCEEDING; [PROPOSED] ORDER GRANTING THE APPLICATION LODGED UNDER SEPARATE COVER**<br><br>Date: September 26, 2022<br>Time: 9:00 a.m.<br>Courtroom: 850, the Honorable R. Gary Klausner |
| MITCHELL MAGEE,<br><br>Claimant. | |

APPLICATION

Pursuant to 18 U.S.C. § 981(g)(5) and Local Rule 79-6, plaintiff United States of America ("the government") hereby applies for an order to file or lodge in camera the non-public declaration in support of the government's motion for an order to stay this civil forfeiture proceeding.[1] The government has filed a motion to stay this civil forfeiture action pursuant to 18 U.S.C. § 981(g)(1),[2] the mandatory stay provision which provides for a stay of a civil forfeiture action where civil discovery will adversely affect the government's ability to conduct a related criminal investigation.

In connection with a motion to stay under 18 U.S.C. § 981(g), Congress has authorized the filing of evidence ex parte in order to avoid disclosing any matter that may adversely affect an ongoing criminal investigation or a related criminal case. See 18 U.S.C. § 981(g)(5) ("In requesting a stay under paragraph (1), the government may, in appropriate cases, submit evidence ex parte in order to avoid disclosing any matter that may adversely affect an ongoing criminal investigation or pending criminal trial").[3] Accordingly, the government is hereby requesting permission to file or lodge in camera a

[1] It is the government's understanding that, because this is an application to file or lodge the non-public declaration in camera pursuant to Local Rule 79-6, Local Rules 79-5.2 and 79-5.3 and Paragraph 17 of the Court's Standing Order, both of which pertain to applications to file documents under seal, do not apply. See Local Rule 79-5.1 (distinguishing under seal and in camera filings). Unlike applications to seal where the sealed document is served on opposing counsel, the government does not intend to serve the non-public declaration it seeks to lodge with the Court in camera and is relying (as explained in more detail below) on Local Rule 79-6 and 18 U.S.C. § 981(g)(5) as the authority to permit the document to be lodged with the Court.

[2] The mandatory stay provision, 18 U.S.C. § 981(g)(1) provides that "[u]pon the motion of the United States, the court shall stay the civil forfeiture proceeding if the court determines that civil discovery will adversely affect the ability of the Government to conduct a related criminal investigation or the prosecution of a related criminal case."

[3] Accord, United States v. GAF Financial Services, Inc., 335 F. Supp. 2d 1371, 1373 n.2 (S.D. Fla. 2004) ("the statute [i.e., 18 U.S.C. § 981(g)(5)] allows for the government to submit evidence in an [sic] confidential, ex parte form," despite any objection by a claimant) (citation omitted); United States v. Real Property and Improvements Located At 10 Table Bluff Road, 2007 WL 911849, *2 (N.D. Cal. Mar. 23, 2007) ("the plain language of the statute [i.e., 18 U.S.C. § 981(g)(5)] allows the Government to submit such ex parte evidence," despite any objection by a claimant) (citations omitted).

non-public declaration, in support of the government's motion to stay this action pursuant to 18 U.S.C. § 981(g)(1). Unless the Court authorizes the filing or lodging in camera[4] of the non-public declaration, the disclosure of information in that declaration would adversely affect the conduct of the government's related federal criminal investigation.

In addition, the request for in camera review of a non-public declaration is made with respect to a motion to stay this action, which is not a dispositive motion finally adjudicating the parties' rights on the merits but is instead a request to defer the resolution of the merits in order to avoid the disclosure of the details of a confidential, ongoing federal criminal investigation related to the civil forfeiture case. The government respectfully submits that good cause therefore exists for the request.

In light of the foregoing, the government respectfully requests the Court to enter the proposed order, lodged contemporaneously herewith, to file or lodge in camera the non-public declaration.

Dated: August 22, 2022

Respectfully submitted,

STEPHANIE S. CHRISTENSEN
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
JONATHAN GALATZAN
Assistant United States Attorney
Chief, Asset Forfeiture Section

/s/ *Maxwell Coll*
VICTOR A. RODGERS
MAXWELL COLL
Assistant United States Attorneys
Attorneys for Plaintiff
UNITED STATES OF AMERICA

---

[4] Local Rule 79-6.3 provides:

> After reviewing a document in camera, the Court may order it to be filed publicly or under seal, with or without service, or otherwise disclosed to other parties. Unless the Court orders it to be filed, or unless otherwise ordered by the Court, a document reviewed in camera must afterward be retained by the counsel or party that presented it until final disposition of an appeal, entry of a stipulation waiving or abandoning the right to appeal, expiration of the time for appeal (where no appeal is taken), or order of the Court, whichever occurs first.

DECLARATION OF MAXWELL COLL

I, Maxwell Coll, declare and state as follows:

1. I am an Assistant United States Attorney in the Office of the United States Attorney for the Central District of California in Los Angeles, California, and am one of the attorneys representing Plaintiff United States of America in this action.

2. It is my opinion that good cause exists to file or lodge the non-public declaration in camera. The disclosure of the information in that declaration would adversely affect the conduct of a related federal criminal investigation. Such disclosure would allow for the disclosure to the parties involved in the illegal conduct that is under investigation and the public evidence and other information regarding the investigation. In addition, the information in that declaration reflects the relationship between the civil forfeiture case and the investigation. Also, there is a statutory basis (i.e., 18 U.S.C. § 981(g)(5)) for the submission of the non-public declaration in camera.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on August 22, 2022 at Los Angeles, California.

/s/ *Maxwell Coll*
AUSA MAXWELL COLL