UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-00015-RGK-MAR | Date | OCTOBER 5, 2022 |
|---|---|---|---|
| Title | U.S. v. $217,285.00 IN U.S. CURRENCY et al. | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Krystal Hernandez | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS) Order Re: Plaintiff's Motion to Stay the Case [DE 26]

## I.  INTRODUCTION

On January 03, 2022, the United States of America (the "Government" or "Plaintiff") filed a civil forfeiture complaint against $217,285.00 in U.S. currency, two Rolex watches, and one Breitling watch (collectively, the "Defendant Assets"). (*See* Compl., ECF No. 1.) On April 26, 2022, Mitchell Magee ("Claimant") filed a claim for the Defendant Assets. (ECF No. 14.)

Presently before the Court is the Government's Motion to Stay the action pursuant to 18 U.S.C. § 981(g) ("Section 981"). (ECF No. 26.) For the reasons below, the Court **GRANTS** the Government's Motion.

## II.  FACTUAL BACKGROUND

On March 21, 2021, the Government seized $600,980.00 in cash from a safety deposit box that Claimant owned at United States Private Vaults ("USPV"). The cash seized from USPV helped the Government obtain and execute a search warrant on July 15, 2021, on Claimant's residence and storage unit, which Claimant had rented using fake identification. During the execution of the warrant, the Government seized $190,285.00 in cash from the storage unit, and $27,000 in cash along with three watches with a combined value of $30,000 from Claimant's residence. The Government alleges that these are proceeds of criminal activity. The Government also alleges that Claimant has an extensive criminal history in multiple states and that Claimant does not have sufficient legal sources of income to justify his possession of the Defendant Assets. Finally, the Government filed *in camera* a declaration that details a current federal criminal investigation that relates to Claimant and the Defendant Assets.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-00015-RGK-MAR | Date | OCTOBER 5, 2022 |
|---|---|---|---|
| Title | U.S. v. $217,285.00 IN U.S. CURRENCY et al. | | |

### III. JUDICIAL STANDARD

Upon the Government's Motion, "the court shall stay the civil forfeiture proceeding if the court determines that civil discovery will adversely affect the ability of the Government to conduct a related criminal investigation or the prosecution of a related criminal case." 18 U.S.C. § 981(g)(1). When the Government moves for a stay, it may also "submit evidence *ex parte* in order to avoid disclosing any matter that may adversely affect an ongoing criminal investigation or pending criminal trial." 18 U.S.C. § 981(g)(5).

As used in the statute, "related criminal investigation" means:

> [A]n actual . . . investigation in progress at the time at which the request for the stay, or any subsequent motion to lift the stay is made. In determining whether a criminal . . . investigation is 'related' to a civil forfeiture proceeding, the court shall consider the degree of similarity between the parties, witnesses, facts, and circumstances involved in the two proceedings, without requiring an identity with respect to any one or more factors.

18 U.S.C. § 981(g)(3). The statute's language is the product of an amendment by the Civil Asset Forfeiture Reform Act of 2000 ("CAFRA") that "broadened the stay relief significantly" and did away with any requirement that the Government show good cause. *United States v. All Funds Deposited in Account No. 200008524845*, 162 F. Supp. 2d 1325, 1330 (D. Wyo. 2001). The statute requires no particularized showing of prejudice or harm; all the Court need determine is whether civil discovery will likely interfere with the criminal investigation. *See U.S. v. Real Property Located at 6415 N. Harrison Ave., Fresno Cty.*, 2012 WL 4364076, at *3 (E.D. Cal. Sep. 21, 2012).

### IV. DISCUSSION

The Government seeks a stay of this action, arguing that proceeding would prejudice it in a related criminal matter. Claimant counters that he only intends to litigate a motion to suppress and therefore will not ask for civil discovery in this case, thus vitiating any potential prejudice to the Government. Instead, Claimant offers to borrow evidence from another case pending before this Court: *Snitko v. United States*, 2:21-cv-04405-RGK-MAR (hereafter, "*Snitko*"). Claimant also asserts that the Government does not need to conduct its own discovery to oppose Claimant's Motion to Suppress. Finally, Claimant argues that even if the Government does need to conduct its own discovery, the Government has failed to specifically demonstrate how such discovery would prejudice the related criminal investigation. The Court does not find Claimant's arguments convincing and agrees with the Government.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-00015-RGK-MAR | Date | OCTOBER 5, 2022 |
|---|---|---|---|
| Title | *U.S. v. $217,285.00 IN U.S. CURRENCY et al.* | | |

    To trigger Section 981's mandatory stay provision, the Government need only make a threshold showing that discovery in the civil forfeiture matter will likely interfere with a related criminal investigation. *See United States v. $1,026,781.61 in Funds from Fla. Capital Bank*, 2009 WL 3458189, at *2 (N.D. Cal. Oct. 21, 2009). The Government need not make specific allegations of prejudice, since the evidence required to support those allegations would result in the very harm that the requested stay seeks to avoid—preemptive disclosure of the "nature and scope of the investigation and . . . future investigative action." *Id.*

    The Government has carried its burden here. In its public filings, the Government alleges information about the criminal investigation of Claimant, including the execution of a warrant at a storage unit, containing $190,000.00 in cash, rented by Claimant with an identity theft victim's identification. (*See* Compl. ¶ 23.) Additionally, during a separate raid on Claimant's house, the Government seized an additional $27,000 in cash and three watches with a combined value of $30,000. (*Id.* ¶ 5.) The Government has also submitted further evidence *in camera*, as authorized by statute, that the pending criminal investigation of Claimant in this District is closely related to this case. *See* 18 U.S.C. § 981(g)(5); *see also United States v. GAF Fin. Servs.*, 335 F. Supp. 2d 1371, 1373 (D. Fla. 2004) ("[T]hough claimants understandably object to a procedure that would permit the filing of ex parte, confidential and sealed declarations in support of a stay, the statute allows for the government to submit evidence in an [sic] confidential, ex parte form.").

    Claimant's arguments against a stay are not availing. Even if Claimant was permitted to use discovery from *Snitko* and took no discovery in this case, he has indicated that he intends to bring a motion to suppress based on the FBI's alleged misconduct in seizing Claimant's USPV box, misconduct that allegedly poisoned the follow-on investigation that led to the seizure of the assets in this case. (*See* Claimant's Opp'n to Mot. at 10, ECF No. 32.) But defending against a motion to suppress would likely require the Government to argue, for example, that its agents executed the relevant warrants in good faith. To support such arguments, the Government would necessarily need to elicit and file declarations from agents involved in the seizure of Claimant's assets who are also involved in the ongoing criminal investigation. *See United States v. $247,052.54*, 2007 WL 2009799, at *2 (N.D. Cal. July 6, 2007) ("Deposing [witnesses] now would allow [Claimant] the opportunity to cross-examine them in advance of trial . . . requiring them to divulge information related to the criminal case . . . [and] testimonial declarations of law enforcement officers, whose testimony will play a central role in the criminal trial, creat[e] additional risks.") Therefore, allowing Claimant to use discovery from *Snitko* would force the Government to either concede the motion to suppress, or to hand over discovery relevant to the related criminal investigation prematurely. This is exactly the type of prejudice a Section 981 stay is meant to avoid.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-00015-RGK-MAR | Date | OCTOBER 5, 2022 |
|---|---|---|---|
| Title | *U.S. v. $217,285.00 IN U.S. CURRENCY et al.* | | |

### V.   CONCLUSION

For the foregoing reasons, the Court **GRANTS** the Government's Motion and **STAYS** the Case pending resolution of the related criminal investigation and case. The Government must file a status report regarding the related criminal investigation and case no later than ninety days from the issuance of this Order and continue to file such reports every ninety days until the stay is lifted.

**IT IS SO ORDERED.**

                                            Initials of Preparer      KMH