E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
JONATHAN GALATZAN
Assistant United States Attorney
Chief, Asset Forfeiture and Recovery Section
VICTOR A. RODGERS (Cal. Bar No. 101281)
MAXWELL COLL (Cal. Bar No. 312651)
Assistant United States Attorney
Asset Forfeiture and Recovery Section
      Federal Courthouse, 14th Floor
      312 North Spring Street
      Los Angeles, California 90012
      Telephone: (213) 894-2569/1785
      Facsimile: (213) 894-0142
      E-mail: Victor.Rodgers@usdoj.gov
          Maxwell.Coll@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>           v.<br><br>$217,285.00 IN U.S. CURRENCY, TWO ROLEX WATCHES AND ONE BREITLING WATCH,<br><br>        Defendants. | Case No. 2:22-cv-00015 RGK(MARx)<br><br>JOINT RULE 26 REPORT<br><br>Sch. Conf. Date: January 29, 2024<br>Time:         9:00 a.m. |
| MITCHELL MAGEE,<br><br>        Claimant. | |

     Pursuant to Federal Rules of Civil Procedure 16 and 26(f),
counsel for plaintiff United States of America ("the government") and
claimant Mitchell Magee ("claimant") hereby report as follows.  The
Scheduling Conference is set for January 29, 2024 at 9:00 a.m.

A.   Statement of the Case

The government has filed an in rem civil forfeiture case against the defendants alleging that the defendants are subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) and 18 U.S.C. § 981(a)(1)(A) and (C) on grounds that they represent proceeds of or were used to facilitate narcotic trafficking, identity theft violations, access device fraud violations and/or wire fraud violations, and were also involved in money laundering transactions.  The complaint alleges that the defendants were seized when the government executed federal search warrants at claimant's residence and a storage unit on or about July 15, 2021.  Claimant has filed a claim to the defendants and an answer to the complaint, and claimant denies that the defendants are subject to forfeiture.

B.   Discovery Limits and Discovery Planning, Rule 26(f)(1)- 26(f)(4)

The parties do not feel it is necessary to change the timing, form or requirement for disclosures under Fed. R. Civ. P. 26(a). Pursuant to Fed. R. Civ. P. 26(a)(1)(B)(ii), this civil forfeiture case is exempt from the Fed. R. Civ. P. 26(a)(1) initial disclosure requirements.  The subjects on which discovery may be needed are whether the defendant currency is subject to forfeiture and whether claimant has any defenses to discovery.  In addition, the parties are not aware of any issues about electronically stored information, claims of privilege or of claims regarding the need to protect particular items as trial-preparation materials.  Claimant has served interrogatories and document requests, the government intends to serve written discovery, and both parties intend to proceed with additional discovery, as warranted in this case.

C. <u>Proposed Law and Motion Matters</u>

The government and claimant may file motions for summary judgment, and claimant may file a suppression motion.  In addition, claimant may file a motion to dismiss based on unreasonable delay in pursuing this matter, in violation of the Due Process Clause.

D. <u>Principal Issues In The Case</u>

The principal issues in this case is whether the defendant currency is subject to forfeiture and whether claimant has any defenses to forfeiture.

E. <u>Proposed Schedule Of Pretrial Dates</u>

The parties suggest the following pretrial dates:

A last day to amend the complaint or add parties of March 4, 2024.

A discovery cutoff date of September 30, 2024.

A motion hearing cutoff date (last date to file) of October 11, 2024.

A pretrial conference date of November 18, 2024.

A jury trial date of Tuesday, December 10, 2024.

The parties estimate that the trial of this matter will take 3-4 court days.

F. <u>Settlement</u>

The parties are amenable to engaging in settlement negotiations as this case progresses.  The parties propose that this case be referred to the Magistrate Judge assigned to this case, for purposes of settlement.

G. <u>Likelihood Of Appearance Of Additional Parties</u>

Neither the government nor claimant anticipate the appearance of additional parties.

/ / /

H.   Complex Case

The parties agree that this case is not sufficiently complex as to require the utilization of the Manual for Complex Litigation.

I.   Other Issues

None.

Respectfully submitted,

Dated: January 18, 2024         E. MARTIN ESTRADA
                                United States Attorney
                                MACK E. JENKINS
                                Assistant United States Attorney
                                Chief, Criminal Division
                                JONATHAN GALATZAN
                                Assistant United States Attorney
                                Chief, Asset Forfeiture and Recovery
                                Section


                                 /s/ Victor A. Rodgers
                                VICTOR A. RODGERS
                                MAXWELL COLL
                                Assistant United States Attorneys

                                Attorneys for Plaintiff
                                UNITED STATES OF AMERICA

Dated: January 18, 2024         LAW OFFICES OF ERIC HONIG APLC
                                DAVID B. SMITH PLLC


                                 /s/ Eric Honig
                                ERIC HONIG

                                Attorneys for Claimant
                                MITCHELL MAGEE